# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8300 | **DATE** | 2/14/2001 |
| **CASE TITLE** | LABORERS' PENSION FUND vs. A & C ENVIRONMENTAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

### MEMORANDUM

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for judgment as a Matter of Law or, in the Alternative for New Trial is Denied.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 15 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 60 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 01 FEB 14 PM 3:23 | FEB 15 2001 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, *et. al.* ) | | |
| ) | | |
| Plaintiffs, ) | No. 99 C 8300 | FEB 15 2001 |
| ) | | |
| v. ) | The Honorable John W. Darrah | |
| ) | | |
| A & C ENVIRONMENTAL, INC., *et. al.* ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Judgment as a Matter of Law pursuant to FED.R.CIV.P. 50 or, in the Alternative, for New Trial pursuant to FED.R.CIV.P. 59. For the reasons stated herein, Plaintiffs' Motion is DENIED.

## LEGAL STANDARD

Under FED.R.CIV.P. 50(a), the Court may grant a motion for judgment as a matter of law during a trial when a non-movant "has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." This standard is the same one the Court applies in considering motions for summary judgment under FED.R.CIV.P. 56. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 343 (7th Cir. 1995). If the initial motion for judgment as a matter of law is denied during trial, the "movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment–and may alternatively request a new trial ... under Rule 59." FED.R.CIV.P. 50(b).

Under FED.R.CIV.P. 59, "[a]s long as there is a reasonable basis in the record to support it,



[a court] will not overturn a jury's verdict." *Robinson v. Burlington N.R. Co.*, 131 F.3d 648, 656 (7th Cir. 1997). "Only when a verdict is contrary to the manifest weight of the evidence should a motion for a new trial challenging the jury's assessment of the facts carry the day." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000). "Any motion for a new trial shall be filed no later than 10 days after entry of the judgment." FED.R.CIV.P. 59(b).

## PROCEDURAL BACKGROUND

On December 21, 1999, Plaintiffs filed a two-count complaint seeking allegedly unpaid contributions, union dues, and related amounts under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

Trial by jury of claims I and II began on November 27, 2000 and concluded on November 30, 2000. That same day, the jury returned verdicts for the Defendants on both counts. The Court entered judgment for the Defendants on both counts on November 30, 2000.

Plaintiffs filed their Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial on Wednesday, December 13, 2000.

## DISCUSSION

*Procedural Bar*

Plaintiffs' Motion for Judgment as a Matter of Law or in the Alternative for New Trial is procedurally barred under FED.R.CIV.P. 50(b) and FED.R.CIV.P. 59(b). The rules provide that such a motion must be filed no later than ten days after judgment. In this case, Plaintiffs filed their motion 13 days after the Court entered the judgment (Wednesday, December 13, 2000). However, even if Plaintiffs' Motion was not procedurally barred, it would still fail on the merits.

*Merits*

Plaintiffs assert they are entitled to judgment as a matter of law since they "were entitled to enforce the collective bargaining agreement according to its written terms, unless the company established a valid affirmative defense." (Def. Mot. 2). Plaintiffs allege that they showed (1) that Defendants breached the collective bargaining agreement and (2) the amounts owed by the company. Lastly, they allege that not only is fraud in the execution not an affirmative defense in an ERISA case, but also the evidence at trial was insufficient to support Defendants' assertion of this defense.

*Alleged Breach of the Collective Bargaining Agreement*

Plaintiffs argue they were prejudiced because the Court presented a jury instruction which allegedly misstated the Plaintiffs' burden of proof for showing a breach of a collective bargaining agreement under *Central States v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989). However, the Defendants never raised Plaintiffs' failure to meet their burden of proof as to the elements of their claim. Plaintiffs, themselves stated, "[a]t trial, the Company relied solely on the affirmative defense of fraud in the execution." (Pl. Mot. 4). Even if the jury instruction on this element of the law was found to be deficient, Plaintiffs cannot show that it prejudiced the jury's decision since Defendants proceeded solely on their affirmative defense at trial.

*Fraud in the Execution Defense*

Plaintiffs begin their analysis by pointing out that, as a pension fund, their rights to collect the funds due under a collective bargaining agreement were analogous to the rights of a holder in due course. However, even the rights of a holder in due course may be defeated by the assertion of a defense of fraud in the execution. The Plaintiffs argue that since the Seventh Circuit has reserved judgment on the issue of whether fraud in the execution is a valid affirmative defense in ERISA

cases, *Illinois Conference of Teamsters v. Gilbert*, 71 F.3d 1361 (7th Cir. 1995), this Court should not recognize it. However, several Circuits and at least one Court in this district[1] have already recognized the viability of this defense in ERISA claims. The Plaintiffs have failed to cite any case in which a Court has rejected such a defense; the weight of the caselaw recognizes this defense.

Next, Plaintiffs argue they should be granted judgment as a matter of law since the evidence presented at trial was insufficient to support the affirmative defense of fraud in the execution. To the contrary, the evidence presented at trial was sufficient to support the affirmative defense. "To warrant judgment as a matter of law because of legal insufficiency of evidence, there must have been 'no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1043 (7th Cir. 1999), citing *Payne v. Milwaukee County*, 146 F.3d 430, 432 (7th Cir. 1994).

To prove the affirmative defense of fraud in the execution, the Defendants must show: (1) he did not know that what he was signing was a collective bargaining agreement; and (2) he did not know, or have reasonable opportunity to obtain knowledge of, the agreement's character or its essential terms. *Illinois Conference of Teamsters and Employers Welfare Fund v. Gilbert Trucking*, 71 F.3d 1361, 1365 (7th Cir.1995). At trial, Bryan Clark testified that he did not know that what he was signing was a collective bargaining agreement. (Tr. 284). Clark further testified that the document was removed before he had an opportunity to review it. (Tr. 279). To grant Plaintiffs' Motion in this case would require a determination of the credibility of Mr. Clark's testimony by the

---

[1] *Laborer's Pension Fund v. Busse*, 1994 WL 605734 (N.D.IL)(Conlon, J.) "Like holders in due course, however, the protection afforded pension plans is not absolute. One viable employer-defense is that the collective bargaining agreement is void *ab initio*, as where there is fraud in the execution and not merely in the inducement."

-4-

Court. The Court finds that a reasonable juror could have believed Mr. Clark's testimony and found that Defendants met their burden of proving their affirmative defense.

*Allegation of Improper Pre-Trial Procedure*

Plaintiffs contend that they should be granted a new trial because: (1) they were entitled to summary judgment based on the arguments contained in their Motion for Summary Judgment, and (2) they were prejudiced by the absence of a pre-trial order.

FED.R.CIV.P. 56(c) provides:

> [t]he judgment sought [in a summary judgment motion] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Plaintiffs' argument that they should be granted a new trial because the Court withdrew its order granting leave to file a summary judgment motion is not persuasive. FED.R.CIV.P. 56 entitles Plaintiffs to summary judgment only if there was no issue of disputed material fact. Plaintiffs had the opportunity to present their case to a jury which found against Plaintiffs. As set out above, a reasonable juror could have found that Defendants proved their affirmative defense. Plaintiffs were in no way prejudiced by the Court's failure to entertain their Motion for Summary Judgment, since they were not entitled to summary judgment.

Next, Plaintiffs claims they were prejudiced by the absence of a pretrial order in the case. Plaintiffs attribute this absence to the Court's adherence to the November 27, 2000 trial date set out originally by Judge Coar. However, from the start, the Court made it clear that the November 27, 2000 trial date would be kept. In its September 20, 2000 minute order, the Court stated, "All previous orders will remain in effect." In this same order, the Court stated, "parties are to schedule

a pretrial conference." Nothing prohibited Plaintiffs from filing a pretrial order. Plaintiffs cannot show that they were prejudiced merely because the Court denied their Motion (filed on 10/26/00) to reschedule the date for filing a pretrial order.

*Evidentiary Objections*

Plaintiffs argue that evidence regarding Defendants' fraud in the execution defense should have been excluded at trial since it was allegedly clear as a matter of law, that Defendants could not prove the elements of the defense. Here, the Plaintiffs "re-packaged" their Motion for Summary Judgment in the guise of a motion in limine. As the Court noted earlier, it was not clear as a matter of law that the Defendants could not prove their affirmative defense.

Next, Plaintiffs argue that they were prejudiced by the admission of evidence that the Company provides the affected employees pension and medical insurance benefits from other sources. Even if this evidence was irrelevant, irrelevance does not equate to prejudice warranting a new trial. Plaintiffs assert that it prejudiced the jury because it may have given them, "the false impression that the provision of such benefits was a proper defense to Plaintiffs' claims." There is no actual or potential prejudice regarding this evidence since the jury instructions presented only included one affirmative defense, and the absence of instructions regarding other potential affirmative defenses would preclude the jury from considering them.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Judgment as a Matter of Law or, in the Alternative for New Trial is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: February 15, 2001