

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT OF COUNCIL OF )
CHICAGO AND VICINITY, JAMES S. )
JORGENSEN, Administrator of the Funds, )
)
      Plaintiffs, )
) No. 99 C 8300
vs. )
) Magistrate Judge Schenkier
A & C ENVIRONMENTAL, INC. )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

On January 22, 2004, this Court entered judgment in the amount of $155,802.21 in favor of the plaintiffs (collectively referred to as "plaintiffs" or the "Funds") and against defendant, A & C Environmental, Inc. As part of their effort to collect on the judgment, plaintiffs issued a citation to discover assets to Carl Grad, president of A & C Environmental. Pursuant to the terms of that citation, Mr. Grad was prohibited from transferring or disposing of any non-exempt property of A & C Environmental. The Funds claim that Mr. Grad permitted the transfer of $134,889.71 of non-exempt A & C Environmental funds in violation of the citation order. As a result, on November 17, 2004, the Funds filed a motion in aid of execution (doc. # 90). In that motion, the Funds seeks to hold Mr. Grad personally responsible for $132,889.71 of the total judgment against A & C Environmental (which would have the effect of reducing A & C Environmental's liability on the judgment by that amount).

By an order dated November 24, 2004, this Court set a briefing schedule on plaintiffs' motion, requiring a response by December 31, 2004 (doc. # 91). When no response was timely filed, on January 7, 2005, the Court entered an order, *sua sponte*, allowing Mr. Grad until January 18, 2005 to file a response (doc. # 92). The Court received no response from Mr. Grad; instead, on January 18, 2005, A & C Environmental filed a suggestion of bankruptcy (doc. # 93). In that filing, A & C Environmental stated that on December 31, 2004, it filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Illinois, and that as a result of that petition, all proceedings in this Court were stayed, including the Funds' motion directed to Mr. Grad (doc. # 93: Suggestion of Bankruptcy, ¶¶ 1-2).

Upon receiving this filing, the Court entered an order directing the parties to submit briefs on the question of whether the bankruptcy stay covers the pending motion to make Mr. Grad personally responsible for a portion of A & C Environmental's liability under the judgment (doc. # 94). In that order, the Court required the Funds to file a brief by February 8, 2005, and ordered A & C Environmental (or Mr. Grad) to reply by February 22, 2005. The Court has received a brief from the Funds (doc. # 95); neither A & C Environmental nor Mr. Grad has elected to file a brief.

For the reasons set forth below, the Court concludes that the bankruptcy petition, and the automatic stay that flows from it, does not bar this Court from adjudicating the Funds' motion directed toward Mr. Grad.

I.

We begin with the threshold question of our jurisdiction to decide whether the Fund's motion falls within the automatic stay provided by Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). In *In Re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969

(N.D. Ill. 1992), Circuit Judge Easterbrook, sitting by designation, held that "it is settled that both the bankruptcy court and the court in which . . . other litigation exists may construe the automatic stay." *Id.* at 973. That decision has been cited with approval elsewhere, *see In Re Singleton*, 230 B.R. 533, 539 (6th Cir. 1999) (rejected argument that state court lacked authority to determine whether stay applied to a particular matter in the litigation before it); *In Re Franklin*, 179 B.R. 913, 925 (E.D. Cal. 1995) (court has authority to decide if stay applies to a particular action in the non-bankruptcy litigation), and we follow it here.

Thus, we conclude that this Court has the authority to decide if the Funds' motion directed to Mr. Grad falls within the automatic stay that results from A & C Environmental's bankruptcy petition.

## II.

Section 362(a) of the Bankruptcy Code provides that, with certain exceptions not relevant here, a petition for bankruptcy operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the set off of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C. § 362(a). In its suggestion of bankruptcy, A & C Environmental does not identify which of the subparts of Section 362(a) allegedly warrant the stay of the Funds' motion directed toward Mr. Grad. For the reasons that follow, we find that none of those subparts apply here.

The purpose of the automatic stay "is to protect the debtor from uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors." *Fox Valley Construction Workers Fringe Benefit Funds v. Pride of Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) (quoting *A. H. Robins Co. v. Piccinin (In Re A. H. Robins Co.)*, 788 F.2d 994, 998 (4th Cir. 1986)). However, the automatic stay "protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." *Fox Valley*, 140 F.3d at 666. *See also Mahurkar*, 140 B.R. at 975 (emphasizing that Section 362(a)(1) only forbids continuation or commencement of an "action or proceeding *against* the debtor") (emphasis in original).

Consistent with this analysis, the Seventh Circuit has observed that "[c]ontempt proceedings against non-bankrupt persons obliged to perform the acts spelled out in the injunction are not

4

forbidden by the automatic stay." *Supporters To Oppose Pollution v. Heritage Group*, 973 F.2d 1320, 1328 (7th Cir. 1992). *See also Fox Valley Construction Workers*, 140 F.3d at 666 ("[t]he automatic stay does not touch proceedings to enforce a court order against non-bankrupt third parties"); *Divane v. Sunstrand Elec. Co., Inc.*, No. 03 C 5728, 2004 WL 1323287, * 1 (N.D. Ill. June 14, 2004) (automatic stay did not bar action to hold Sunstrand's president, Mr. Aguirre, liable for Sunstrand's debt on a default judgment for his failure to appear for examination on a citation to discover Sunstrand's assets, because Mr. Aguirre "is not a debtor in the bankruptcy case"). Here, Mr. Grad is a third party to the A & C Environmental's bankruptcy proceeding. While he is the president of A & C Environmental, Mr. Grad is not the debtor – just as Mr. Aguirre was not the debtor in the *Divane* case, even though he was the president of the debtor, Sunstrand. As a result, none of the provisions of the automatic stay that apply to proceedings "against the debtor," *see* Section 362(a)(1), (2), (6), (8), authorizes this Court to stay the Funds' motion directed to Mr. Grad.

Nor does the Funds' motion attempt to obtain or take action against the property of the debtor, A & C Environmental; therefore, Section 362(a)(2), (3), (4), (5) and (7) do not apply here. Indeed, if successful, the Funds' motion would reduce the liabilities of the debtor A & C Environmental, without reducing its assets: it would make Mr. Grad personally responsible for a substantial portion of the judgment against A & C Environmental in this case. A motion that has that as its purpose in no way would cause "the assets of the debtor itself [to] . . . fall into jeopardy," *Fox Valley*, 140 F.3d at 666, or compromise the underlying purposes of the stay in some other way.

## CONCLUSION

For the foregoing reasons, the Court holds that the automatic stay resulting from A & C Environmental, Inc.'s Chapter 7 Bankruptcy Petition does not bar this Court's consideration of the Funds' motion in aid of execution, which is directed solely to Carl Grad. The Court therefore will consider the merits of the Funds' motion. The Court gives Mr. Grad leave to file a response to the motion in aid of execution by March 11, 2005. If a response is not filed by that date, the Court will consider the briefing closed and will proceed to decide the motion. If a response is filed on March 11, 2005, the Funds may file a reply by March 18, 2005.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: February 25, 2005**