*AE*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

MAR 1 1 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) Case No. 99 C 8300 |
| v. | ) ) Magistrate Judge Schenkier |
| A & C ENVIRONMENTAL, INC., BYRON CLARK, individually and doing business as A & C ENVIRONMENTAL, INC., | ) ) ) ) |
| Defendants. | ) |

### NOTICE OF FILING

TO:   Karen I. Engelhardt
      Allison, Slutsky & Kennedy, P.C.
      208 South LaSalle Street, Suite 1880
      Chicago, IL 60604
      Fax: 312-364-9410

On March 11, 2005 we filed with the Clerk of the U. S. District Court, Northern District of Illinois, Eastern Division, **RESPONSE TO MOTION OF LABORERS' PENSION FUND AND LABORERS' WELFARE FUND FOR LIABILITY AGAINST CARL GRAD**, a copy of which is served on you.

**A & C Environmental, Inc.,**
Defendant

By: _____
One of his attorneys

Ariel Weissberg
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
Attorney No. 03125591
312-663-0004

1

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, certify that on March 11, 2005, we served a **RESPONSE TO MOTION OF LABORERS' PENSION FUND AND LABORERS' WELFARE FUND FOR LIABILITY AGAINST CARL GRAD** to the above named party by facsimile.

Ariel Weissberg



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION** **FILED**

| | |
|---|---|
| LABORERS' PENSION FUND and | ) |
| LABORERS' WELFARE FUND OF THE | ) |
| HEALTH AND WELFARE DEPARTMENT | ) |
| OF THE CONSTRUCTION AND GENERAL | ) |
| LABORERS' DISTRICT COUNCIL OF | ) |
| CHICAGO AND VICINITY, and JAMES S. | ) |
| JORGENSEN, Administrator of the Funds | ) |

MAR 1 1 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

)
      **Plaintiffs,** )

**Case No. 99 C 8300**

   v. )

**Magistrate Judge Schenkier**

)
**A & C ENVIRONMENTAL, INC., BYRON** )
**CLARK, individually and doing business as** )
**A & C ENVIRONMENTAL, INC.,** )
)
      **Defendants.** )

## RESPONSE TO MOTION OF LABORERS' PENSION FUND AND LABORERS' WELFARE FUND FOR LIABILITY AGAINST CARL GRAD

Now comes Carl Grad ("Grad") and A&C Environmental, Inc. ("A&C") and as their

**RESPONSE TO MOTION OF LABORERS' PENSION FUND AND LABORERS'**

**WELFARE FUND FOR LIABILITY AGAINST CARL GRAD** state as follows:

1. On November 24, 2004, the Laborers Pension Fund and Laborers Welfare Fund (collectively referred to herein as "Laborers") filed their Plaintiffs' Motion in Aid of Execution ("Motion").

2. A&C and Grad deny that Grad is personally liable for the sums disbursed from February 10, 2004 to March 4, 2004.

1

3. Appended hereto as Exhibit A is an Agreed Interim Order Authorizing Use of Cash Collateral, Granting RLH Equipment Co., Inc. Adequate Protection and Modifying the Automatic Stay ("Agreed Order"). This Order was entered in the bankruptcy case of A&C. As referenced in paragraph 2 of the Agreed Order, A&C was indebted to RLH Equipment Co, Inc. ("RLH") in the approximate amount of $100,000.00 plus interest, as evidenced by the loan documents referenced in the Agreed Order and appended to the Agreed Order. RLH held a first, perfected security interest in the assets of A&C, which was senior to any interest that the Plaintiffs had in any of the assets of A&C, including any cash.

4. As such, the technical violation of the Citation should not lead to personal liability to Grad. Specifically, A&C would not have received the funds represented by the checks written after the Citation was served and before the bankruptcy. Even if A&C would have sought a turnover of these funds, RLH would have been entitled to these funds as the first, perfected security interest holder. A&C would never have received these funds because if A&C had pursued turnover, RLH would have received these funds as the creditor with priority.

5. In addition, almost all of the funds represented by the disbursements during the period after the Citation and before the filing of the bankruptcy case represented funds advanced by RLH to A&C. But for the advance of these funds, there would have been no disbursements of any substance during this period.

2

6. Laborers was subordinate as a lien claimant to RLH and is therefore not a valid claimant. In fact, Plaintiffs cannot enforce this lien because it constitutes an "improvement of position" from Plaintiffs' being unsecured creditors and attempting to become secured creditors within 90 days of filing of the bankruptcy case. This is a preference under section 547 of the Bankruptcy Code. That section states that, within 90 days of the filing of a bankruptcy case, a creditor cannot "improve its position" from being an unsecured creditor to a secured creditor through the creation of a judicial lien. Laborers did not have a valid lien because it was an improvement in position within 90 days of A&C's filing of bankruptcy and is thus void pursuant to section 547 of the Bankruptcy Code.

7. On April 30, 2004, Defendants filed an adversary complaint to determine the validity of lien entitled "Complaint to Determine the Validity of Lien." See Exhibit B, attached. In that Complaint, Defendants contested the validity of the lien because it was avoidable under section 547 of the Bankruptcy Code. Laborers never contested the allegation in the adversary complaint principally because they had no defense to the avoidance of the judicial lien.

8. Under statute, they're trying to create personal liability of an invalid lien. Since the judicial lien created by Laborers' citation was voidable there can be no personal liability to Grad.

9. WHEREFORE, Defendants A & C ENVIRONMENTAL, INC., BYRON CLARK, and CARL GRAD respectfully request this Court deny Plaintiff's Motion and grant Defendants such other and further relief as this Court deems just and proper.

**A & C Environmental, Inc.,**
Defendants,


By: _____
One of its attorneys

Ariel Weissberg
Noelle Ansley
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
Attorney No. 03125591
312-663-0004

RECEIVED
UNITED STATES BANKRUPTCY
NORTHERN DISTRICT OF ILLINOIS

APR 3 0 2004

KENNETH S. GARDNER, CLERK
PUBLIC SERVICE COUNTER

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| IN RE: | ) |
| | ) **Chapter 11** |
| **A&C ENVIRONMENTAL, INC.** | ) **Case No. 04-B-08455** |
| an Illinois Corporation | ) |
| | ) Bankruptcy Judge Jacqueline Cox |
| Debtor. | ) |
| | ) |
| | ) |
| _____ | ) |
| **A&C ENVIRONMENTAL, INC.,** | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Adversary No.:** |
| | ) |
| **LABORERS' PENSION FUND and** | ) |
| **LABORERS' WELFARE FUND OF THE** | ) |
| **HEALTH AND WELFARE DEPRATMENT** | ) |
| **OF THE CONSTRUCTION AND GENERAL** | ) |
| **LABORERS' DISTRICT COUNCIL OF** | ) |
| **CHICAGO AND VICINITY and JAMES S.** | ) |
| **JORSENSEN, Administrator of the Funds,** | ) |
| Defendants. | ) |

**04A02485**

### COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIEN

NOW COMES A&C Environmental, Inc. ("A&C"), an Illinois corporation, Plaintiff, by its
attorneys, Ariel Weissberg of Weissberg and Associates, Ltd., and as its Complaint to Determine
Extend and Validity of Lien against Defendants, and to avoid the lien of Defendants pursuant to
Section 547(b) of the Bankruptcy Code, states as follows:

#### I. Jurisdiction and Venue

1.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1334(b), in that this
is a civil proceeding arising under Title 11.

2.    This is a core proceeding pursuant to 28 U.S.C. §157(b), in that this is a lawsuit

1



pertaining to the administration of a bankruptcy case.

3.     This matter is appropriately presented as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001, in that A & C is seeking among other things, a declaratory judgment.

### Venue

4.     Venue is proper in this district pursuant to 28 U.S.C. §1409, in that this is a civil proceeding arising under Title 11.

### II.  Allegations that Defendants do not have a valid lien

5.     On March 4, 2004, A&C filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, seeking to reorganize under Chapter 11 of the Bankruptcy Code ("Code").  Since that date, A&C has remained in possession of its assets and is operating its business as a debtor-in-possession.

6.     A&C is an Illinois corporation which owns and operates a trucking and transportation business. The Debtor is financing most of its tractors and trailers ("Rolling Stock") from finance companies.

7.     On January 22, 2004, the United States District Court for the Northern District of Illinois, Eastern Division entered a judgment in the amount of $155,802.21 against A&C and in favor of Defendants in the action captioned as, *Laborers' Pension Fund, et al, v. A&C Environmental, Inc.*, No. 99 C 8300 ("Judgment").

8.     Subsequently, on February 5, 2004, Defendants filed a Citation to Discovery Assets in the District Court to initiate supplementary proceedings against A&C ("Citation to Discovery Assets").

9.     The Citation to Discovery Assets was served on A&C on February 6, 2004.

2

10.    The lien created by the service of the Citation to Discovery Assets is not a valid lien, and should be avoided pursuant to Section 547 of the Code as an "improvement of position" by an unsecured creditor of A&C within 90 days of the date of the filing of A&C's bankruptcy petition. By virtue of this "improvement of position", the Defendants became a secured creditor within 90 days of the filing of A&C's petition, creating a preference pursuant to Section 547 of the Code, and thus an avoidable transfer of this alleged security interest.   By virtue of this preferential transfer, the Defendants are unsecured creditors of A&C's estate.

11.    The Citation to Discovery Assets is a transfer of an interest of A&C in property:

   (a)    to or for the benefit of the Defendants;

   (b)    for or on account of an antecedent debt owned by A&C before such transfer was made;

   (c)    made while A&C was insolvent;

   (d)    made on or within 90 days before the date of the filing of A&C's petition; and

   (e)    that enables the Defendants to receive more than the Defendants would receive if: (i) the case were a case under Chapter 7 of the Code; (ii) the transfer had not been made; and (iii) the Defendants received payment of A&C to the extent provided by the Code.

**WHEREFORE**, Plaintiff, A& C Environmental, Inc., prays that this court enter the following relief:

   A.    The entry of a declaratory judgment that the lien of defendants is avoidable pursuant to Section 547 of the Code as an "improvement of position" and a preferential transfer that must be avoided pursuant to Section 547(b) of the Code.

3

B.     The entry of a declaratory judgment that the defendants are not secured creditors of the estate of A&C and that defendants are unsecured creditors of the estate of A&C.

C.      Awarding A&C costs of this action; and

D.     For such other and further relief as this court deems just and proper.

**A&C ENVIRONMENTAL, INC.,**
Debtor,

By: _____
One of its attorneys

Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
312-663-0004
Attorney No. 03125591

4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )       Chapter 11
A&C ENVIRONMENTAL, INC.             )       Case No. 04-B-08455
an Illinois Corporation             )
                                    )       Bankruptcy Judge Jacqueline Cox
        Debtor.                     )       Hearing Date:  March 11, 2004
                                    )       Hearing Time:  9:30 a.m.
                                    )

AGREED INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL, GRANTING
RLH EQUIPMENT CO., INC. ADEQUATE
PROTECTION AND MODIFYING THE AUTOMATIC STAY

This matter is before the Court on the Motion for Use of Cash Collateral ("Motion") filed

by debtor A&C Environmental, Inc. ("A&C"). RLH Equipment Co., Inc. ("RLH") is a secured

creditor in this proceeding. After reviewing the Motion, the Court finds that the Debtor and RLH

have reached an agreement with respect to the same. The Court therefore finds from this

Agreement as follows:

1.      On March 4, 2004 (the "Petition Date"), Debtor filed a Petition in this Court

seeking relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). On March

9, 2004, a copy of the Motion and Notice of Hearing was mailed to counsel for the United States

Trustee and to creditors listed by the Debtor on the list of twenty largest creditors filed pursuant

to Rule 1007(b) of the Federal Rules of Bankruptcy Procedure. Good cause has been shown for

entry of this Order. Among other things, entry of this Order will prevent disruption in the

operations of Debtor, will minimize disruption of Debtor's business as a "going concern" and

will increase the possibility of a successful reorganization. Entry of the Order is in the best

interest of the Debtor, its creditors and the Bankruptcy Estate. The terms of use of Cash

EXHIBIT

A

Collateral authorized in this Order are fair and reasonable under the circumstances.

The Debtor is operating as a debtor in possession. In order to continue the operation of its business, an immediate need exists for Debtor to use proceeds of the pre-petition collateral, which collateral constitutes cash collateral in which Debtor holds an interest (the "Cash Collateral") as defined in §363(a) of the Code. Without such funds Debtor will be unable to pay operating expenses or to otherwise operate its business.

2.     On or about the Petition Date, Debtor was indebted to RLH in the gross amount of $170,000.00, plus interest (the "Obligations"). The indebtedness of Debtor to RLH is evidenced by the following:

a.     On January 20, 2004, RLH as lender and Debtor as borrower entered into a loan transaction (the "RLH Loan") by which RLH advanced working capital financing and pre-bankruptcy financing to the Debtor. In connection with this transaction, Debtor executed a Secured Promissory Note and related documents (collectively, the "Loan Documents") by which Debtor, *inter alia*, promised to pay the loans on the terms stated in the Loan Documents. Debtor also granted RLH a security interest in all of the rolling stock and other goods referenced in the Loan Documents, including, accounts, accounts receivable, contract rights, contracts owned by Debtor, and the proceeds of such collateral (collectively, the "Collateral"). RLH duly perfected its security interest in the Collateral and maintains a first priority security interest therein.

b.     Attached hereto as Exhibit and incorporated herein by reference are copies of the Loan Documents with respect to the RLH Loan, as well as documents reflecting RLH's

perfected security interest in the Collateral.

3.     Repayment of the Obligations is governed by the terms and conditions of the Loan Documents, this Order and any Plan approved by the Court.

*The Debtor and RLH stipulate that*

4.     ∧The Obligations are absolutely and unconditionally owing from Debtor to RLH, without defense, offset or counterclaim. Debtor will not seek to recover out of the Collateral in priority to or competition with its obligations to RLH, any costs or expenses of preserving or disposing of the Collateral incurred prior to the expiration or termination of this Order or any allowances or reimbursement for any improvements made after commencement of this case unless (in each instance) such costs or expenses were incurred or such improvements were made either: (I) with the prior written consent of RLH; (ii) on prior Order of the Court after notice to RLH and a hearing; or (iii) were made or incurred in accordance with paragraphs 5 and 6 of this Order. *The foregoing is Not a waiver of rights under §506(c) of the Code.*

NOW THEREFORE IT IS HEREBY ORDERED:

5.     From the period beginning on March 11, 2004 and running through April 12, 2004, Debtor is authorized to use the Collateral (including cash collateral) to pay its necessary and ordinary post-petition expenses in accordance with the budget appended to the Motion. RLH reserves the right to revoke its consent to the use of cash collateral in the event Debtor violates any of the terms of this Order and may request the Court by motion to bar or condition further use of cash collateral. Such motion will be noticed for a hearing on five business days notice.

3

Nothing in this paragraph, however, shall limit the right of the Debtor to use Cash Collateral pursuant to the terms of this Order to compensate the Debtor's counsel for their services to the estate, irrespective of any benefit such services may render to RLH, and nothing in this Order shall be deemed to authorize the Debtor to use Cash Collateral to pay for such services other than in strict conformity with the terms of Paragraph 5 of this Order.

6.     From the period beginning on March 11, 2004 and running through April 12, 2004, Debtor may use the Collateral only in the ordinary course of its business. Debtor agrees that: (i) without prior written consent of RLH or other Order of the Court after notice to RLH and a hearing, Debtor will not engage in any use of the Collateral other than in the ordinary course of its business; (ii) Debtor shall keep insured and properly care for the Collateral; (iii) Debtor shall be identified as the insured party relative to the insurance policies covering the Collateral; (iv) RLH shall be identified as the loss payee anchor additional insured relative to the insurance policies covering the Collateral; and (v) Debtor's deductible relative to the insurance policies covering the Collateral shall not exceed $2500.00.

7.     On or before March 12, 2004, Debtor will: (a) provide to RLH proof of [he insurance coverage described in paragraph 6; (b) make the Collateral available to RLH for inspection at a specific time agreeable to both parties at Debtor's principal place of business.

8.     The provisions of Paragraphs 5 and 6 of this Order shall terminate *after Notice and hearing* at the option of RLH on five (5) days notice to Debtor, 20 largest creditors, U.S. Trustee, and all secured creditors, upon the occurrence of any of the following events: (i) Debtor fails to perform any

4

duty or obligation under this Order, including but not limited to the obligations set forth in paragraph 7; (ii) Debtor at any time discontinues or is ordered to discontinue the conduct of its business in the ordinary course; (iii) Debtor's business is converted to a Chapter 7 case under the Code; (iv) a Trustee is appointed under any chapter of the Code; (v) the automatic stay provided in II U.S.C. § 362, as it relates to the Collateral, shall be terminated, annulled, modified or conditioned in favor of any other creditor, except upon order of court in any proceeding to which RLH had notice and an opportunity to be heard; or (vi) the Court shall determine after notice and hearing that Debtor shall not have sufficient cash or Cash Collateral available to it to continue its business. Upon said termination, Debtor shall immediately surrender the Collateral upon demand by RLH, unless other arrangements consented to in writing by RLH, have been made in the interim. If the Collateral are not surrendered upon demand by RLH, RLH may set the matter on for hearing on five (5) days notice and, if Debtor has not cured the default, Debtor shall be considered to have waived all defenses to claims of RLH for possession of the Collateral, other than arguing that an event justifying termination (as set forth in this paragraph) has not occurred.

9.      In order to provide adequate protection for the interest of RLH in the Collateral, RLH is granted adequate protection as follows:

a.      A replacement lien *to the same extent, priority and validity as its pre-petition lien* upon new post bankruptcy accounts receivables, accounts, contracts and contract rights, to the extent of use of cash collateral. The lien created pursuant hereto: (i) shall secure the indebtedness and claims of Debtor owed to RLH and the rights of RLH as a secured creditor in the Collateral , including all cash and non-cash collateral utilized by Debtor.pursuant to this Order; (ii) shall, where such lien constitutes

5

*Other than U.S. Trustee's fees under §1930*

a first lien, have priority over any and all claims and expenses in this case; and (iii) shall

be subordinate only to enforceable and perfected liens and security interests in existence

at the time this case was commenced with a priority senior to the priority of the security

interest in favor of RLH. The Collateral also shall secure all obligations of Debtor

incurred pursuant to this Order.

      b.    On or no later than April _5_, 2004 Debtor will deliver to RLH a payment

in the amount of $5,000.00.

A check drawn against insufficient funds shall not constitute a payment.

10.    The Court finds that such terms as set forth herein are in the best interest of, and

will not impose undue hardship on, the Debtor.

11.    It shall be an event of default and the automatic stay shall immediately terminate

as to RLH without further Order of the Court, and Debtor agrees that it will immediately

turnover the Collateral to RLH upon three (3) business days within demand if: (i) any item of

the Collateral is lost for any reason, including, but not limited to, auction by a mechanic or

material man; or (ii) insurance on any of the Collateral is cancelled.

12.    It shall also be an event of default if the payment due under the terms of this

Order is not received by RLH by its due date. In the event either of an uncured payment default, RLH may by motion to the Court seek to be heard on five (5) days written notice to seek possession of the Collateral, including but not limited to cash collateral.

13.     During the pendency of this case, Debtor shall not engage in:

a.     Any borrowing or use of cash collateral except as permitted herein or by subsequent order of Court or except as RLH consents; or

b.     Any use of any of the Collateral other than in the ordinary course of Debtor's business and as may otherwise be restricted under this Order without prior written consent of RLH or other Order of the Court after notice to RLH and a hearing; or

c.     Granting to any other creditor holding a secured claim, adequate protection with the Collateral, except to the extent that the lien of such creditor is presently prior to the lien of RLH, without either the consent of RLH or an Order of the Court obtained by Debtor after notice to RLH and a hearing.

14.     The Loan Documents are herein ratified and remain in effect except as modified by this Order and the Bankruptcy Code. Except as expressly provided in this Order, RLH hereby reserves and retains all rights and remedies that it may have at law, in equity, by statute, and in the Loan Documents, and the terms contained herein shall not be construed as any waiver thereof

7

15.     The terms and conditions of this Order shall be incorporated into any Plan of Reorganization proposed by Debtor. If any Plan of Reorganization is proposed or confirmed without incorporating the terms and conditions of this Order, RLH shall be entitled to object to such Plan. Unless otherwise ordered by the Court after notice to RLH and an opportunity to be heard, in the event any Plan omitting the terms and conditions of this Order is confirmed, the automatic stay shall immediately terminate as to RLH after on three (3) business days written notice to Debtor, 20 largest creditors (or Committee if any), secured creditors, government creditors, and U.S. Trustee, and without further Order of the Court, and Debtor agrees that it will turnover the Collateral to RLH thereafter.

16.     The replacement liens and security interests granted herein are valid, enforceable and fully perfected, and no further filings or recordation or other act in accordance with any applicable local, state or federal law, rule or regulation are necessary to create or perfect such liens and security interests. Notwithstanding the above, Debtor shall cooperate with RLH to execute such documents and instruments and do such other things as RLH reasonably requests to evidence and perfect such replacement liens and security interests, and the automatic stay is hereby modified to allow RLH to file such financing statements and other documents as RLH may deem necessary to perfect the liens and security interests granted herein.

17.     ~~Debtor hereby releases RLH, its affiliates, officers, employees, successors and assigns from any and all claims presently existing.~~

18.     This matter is set for a final hearing on the Motion for Use of Cash Collateral or

8

another interim Cash Collateral Order on _April 13_, 2004, at _10:00_ a.m.    in

Courtroom 619.

19.    This order is binding only on the Debtor and RLH, and it shall not be binding on

any trustee in these proceedings or other creditors.

20.    Copies of this Order will be served on U.S. Trustee, 20 largest unsecured

creditors and all secured creditors within three (3) days.

SO ORDERED this 11th day of March, 2004.

**ENTERED**

MAR 1 1 2004

Judge Jacqueline P. Cox
United States Bankruptcy Court

**ENTER:** _____

United States Bankruptcy Judge


ORDER PREPARED BY:

Ariel Weissberg
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
Attorney No. 03125591
312-663-0004

From: 2193985000      Page: 1/5      Date: 2/26/2004 1:20:07 PM

## SECURED PROMISSORY NOTE

Dated: January 2*0* 2004

### 1.    Defined Terms:

As used in this Secured Promissory Note, the following terms shall be defined as follows:

"Accounts" shall have the meaning ascribed to such terms by the Code;

"Business Day" shall mean a day other than a Saturday, Sunday or other day on which commercial banks in Chicago are authorized or required by law to close;

"Code" shall mean the Illinois Uniform Commercial Code as the same is in effect in the State of Illinois on the date hereof;

"Collateral" shall have the meaning assigned to it in Section 3 of this Secured Promissory Note;

"Proceeds" shall have the meaning ascribed to this term in the Code and, in any event, shall include, but not limited to, any and all amounts from time to time paid or payable under or in connection with any of the Collateral;

"Receivables" shall mean all accounts of A & C Environmental, Inc. ("Borrower") and all other accounts receivable, chattel paper, notes or other rights to payment and all forms of obligations owing at any time to BORROWER; and

"Secured Promissory Note" shall mean this Secured Promissory Note, as the same may from time to time be amended or supplemented.

### 2.    Obligations and Payment of Obligations:

For value received, A & C Environmental, Inc. ("BORROWER"), an Illinois corporation, of 8500 west 91st Street, Unit 6, Mokena, Illinois, 60448, promises to pay to the order of RLH Equipment Co., Inc. ("Lender") at 3821 Indianapolis Blvd, East Chicago, Indiana, 46312 or such other place as Lender shall specify in writing, the sum of One Hundred Seventy Thousand Dollars ($170,000.00), with interest accruing thereon at the annual rate of 10.00%  ( principal and interest shall be collectively referred to as the "Indebtedness"). BORROWER shall pay the Indebtedness to Lender on the earlier of April 20, 2004 or an Event of Default, as defined herein..

### 3.    Grant of Security Interest:

1

As collateral security for the prompt and complete payment of all sums due hereunder and BORROWER's performance of the terms of this Secured Promissory Note, BORROWER hereby transfers, collaterally assigns, conveys, mortgages, pledges, hypothecates and transfers to Lender, and hereby grants to Lender, a continuing security interest in the following assets, including all right, title and interest in, to and under the following, whether now existing or hereafter acquired, and all additions, replacements and substitutions (collectively, "Collateral"):

    A.    All Accounts and Receivables of BORROWER;

    B.    The vehicles and trailers set forth in Exhibit "B," attached hereto and made a part hereof;

    C.    All contracts and contract rights of the Borrower; and

    D.    To the extent not otherwise included, all Proceeds and products of any or all of the foregoing.

4.    **Remedies, Rights upon Default.**

    A.    If an Event of Default shall occur and BORROWER shall fail to cure promptly the Event of Default as provided in paragraph 7, Lender may exercise in addition to all other rights and remedies granted to it in this Secured Promissory Note, all rights and remedies of a secured party under the Uniform Commercial Code, including the right to contact customers of Borrower directly to collect the Accounts and Receivables directly from the account debtors of Borrower. The prior written consent from or notice to Borrower shall not be a condition to Lender's right to collect the Accounts and Receivables directly from the account debtors of Borrower.

    B.    BORROWER also agrees to pay all costs of collection of Lender, including reasonable attorneys' fees, incurred with respect to the collection of the Indebtedness and the enforcement of any of Lender's rights hereunder. Any such attorneys' fees and costs shall be additional Indebtedness;

    C.    BORROWER hereby waives presentment, demand, protest or any notice, except as provided in paragraph 7 of this Secured Promissory Note (to the extent permitted by applicable law) of any kind in connection with this Secured Promissory Note or any Collateral; and

2

    D.    If an Event of Default shall occur and BORROWER shall fail to cure the Event of Default, as provided in paragraph 7, interest shall accrue on the Indebtedness at the rate of fifteen percent (15%) per annum. Any such post-default interest shall be additional Indebtedness.

5.    <u>Limitation on Lender's Duty in Respect of Collateral</u>.

    Lender shall have no duty as to any of the Collateral. Notwithstanding, Lender shall inform Borrower periodically as to the status of collection of the Accounts and Receivables if lender has exercised its rights pursuant to paragraphs 4 (A) and 7 of this agreement.

6.    <u>No Prepayment Penalty</u>: This Secured Promissory Note may be prepaid, in whole or in part, at any time without any penalty or charge therefor.

7.    <u>Events of Default</u>: The occurrence of any one or more of the following matters constitutes a default ("Default" or "Event of Default") under this Secured Promissory Note:

    A.    BORROWER's failure to pay on or before April 20, 2004, the Indebtedness;

    B.    BORROWER's failure to observe or perform any provision of this Secured Promissory Note;

    C.    Any creditor of Borrower seizing, garnishing, encumbering or attaching any of the assets of Borrower, including any of the Collateral, or instituting post-judgment remedies to seek to collect a judgment in excess of $20,000.00 entered against the Borrower;

    D.    Borrower filing a voluntary petition to institute a bankruptcy case, the appointment of a custodian over the business or assets of the Borrower, including a receiver, or the institution of insolvency proceedings against the Borrower.

If an Event of Default occurs, after written notice to BORROWER and BORROWER's failure to cure the default within five (5) days of BORROWER's receipt of written notice, Lender shall have the following cumulative rights and remedies:

    A.    All rights and remedies set forth in paragraph 4 of this Secured Promissory Note;

    B.    Lender may exercise its remedies against the Collateral as a secured creditor pursuant to the Uniform Commercial Code, including the right

3

to contact customers of Borrower directly to collect the Accounts and Receivables directly from the account debtors of Borrower; and

C.    Lender may exercise such other remedies as provided in law or equity against BORROWER.

8.    <u>Miscellaneous</u>:

A.    <u>Waiver of Default</u>. Lender may, by written notice to BORROWER, at any time and from time to time, waive any default in the performance or observance of any condition or other term hereof, which shall be for such periods and subject to such conditions as shall be specified in any such notice. In the case of any such waiver, Lender and BORROWER shall be restored to their former position and rights under this Secured Promissory Note respectively, and any Event of Default so waived shall be deemed to be cured and not continuing; but no such waiver shall extend to or impair any right consequent thereon or to any subsequent or other Event of Default;

B.    <u>Notices</u>. All notices, requests and demands to or upon the respective parties hereto shall be deemed to have given or sent by facsimile or made when deposited in the mail, postage prepaid, addressed as set forth above, or to such other address as may be hereafter designated in writing by the respective parties hereto;

C.    <u>Nonwaiver; Cumulative Remedies</u>. No failure to exercise, and no delay in exercising, on the part of Lender of any right, power or privilege hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies of Lender herein provided are cumulative and not exclusive of any rights or remedies provided by law;

D.    <u>Fees</u>. In the event of litigation to enforce rights and obligations under this Secured Promissory Note or under any document or instrument executed in connection herewith, the prevailing party shall be reimbursed all of its reasonable costs and expenses (including legal fees and reasonable time charges of attorneys who may be employees of the parties, whether in or out of court, in original or appellate proceedings or in bankruptcy);

E.    <u>Successors and Assigns</u>. This Agreement shall be binding upon the successors and assigns of BORROWER and inure to the benefit of the successors and assigns of Lender ; and

F.    <u>Construction</u>. This Secured Promissory Note and any document

4

instrument executed in connection herewith shall be governed by, and construed and interpreted in accordance with, the laws of the State of Illinois, and shall be deemed to have been executed in the State of Illinois.

**A & C Environmental, Inc.**

By: _~Carl Grad~_

Its: _PRESIDENT_

f:\clients\ventura\securedpromissorynote

5



**UCC FINANCING STATEMENT**
State Form 50181 (5-01)
Approved by State Board of Accounts, 2001

**RECEIVED**

**2004 MAR -1 PM 4:30**

FOLLOW INSTRUCTIONS (*FRONT AND BACK*) CAREFULLY.

**UCC DIVISION**

UCU103/02/04:01:0040:
20.00 CT01
SOSIL 10:12  8312494 FS

A. NAME AND PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (*Name and Address*)

RLH EQUIPMENT CO., INC.
3821 INDIANAPOLIS BLVD.
EAST CHICAGO, IN  46312

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
| --- |
| A&C ENVIRONMENTAL, INC. |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 8500 WEST 191ST STREET, UNIT 6 | MOKENA | IL | 60448 | USA |

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- |
| | CORPORATION | ILLINOIS | 5556-369-1 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
| --- |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- |
| | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
| --- |
| RLH EQUIPMENT CO., INC. |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 3821 INDIANAPOLIS BLVD. | EAST CHICAGO | IN | 46312 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ACCOUNTS, ACCOUNTS RECEIVABLE, CONTRACTS, CONTRACT RIGHTS AND THE VEHICLES AND TRAILERS SET FORTH ON EXHIBIT A, ATTACHED HERETO AND MADE A PART HEREOF.

A&C ENVIRONMENTAL, INC.

BY: *Carly Snow*

ITS: President

DATED: 1-20-04

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE / LESSOR  ☐ CONSIGNEE / CONSIGNOR  ☐ BAILEE / BAILOR  ☐ SELLER / BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCIAL STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional)  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - INDIANA  UCC FINANCING STATEMENT

## RECEIPT

R.L.H. Equipment, Inc. acknowledges Receipt and possession of the certificates of title for the trailers, vehicles and rolling stock of A&C Environmental, Inc., set forth in Exhibit "A".

_____
Ronald Holmes, President


Dated: January 20, 2004


SUBSCRIBED AND SWORN TO
before me this ___20th___ day
of January, 2004

_____
NOTARY PUBLIC

Official Seal
Kevin L Jenkins
Notary Public State of Illinois
My Commission Expires 04/23/05

**Instructions for National UCC Financing Statement (Form UCC1)**

**Fees Worksheet**

| | | |
|---|---|---|
| 1. First two pages are $4.00 | $ | 4.00 |
| 2. Enter $4.00 if there are more than 2 pages, otherwise enter $0.00 | $ | .00 |
| Total (Pay this amount): | $ | .00 |

**NOTE:** A statement filed in connection with a public finance transaction or mobile home transaction is $8.00 plus the amount above.

---

Please type or laser-print this form. Be sure it is completely legible. Read all instructions, especially instruction number 1; correct Debtor name is crucial. Follow Instructions completely.

Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. Filing office cannot give legal advice.

Do not insert anything in the open space in the upper portion of this form; it is reserved for filing office use.

When properly completed, send Filing Office Copy, with required fee, to filing office. If you want an acknowledgment, complete item B and, if filing in a filing office that returns an acknowledgment copy furnished by filer, you may also send Acknowledgment Copy; otherwise detach. Always detach Debtor and Secured Party Copies.

If you need to use attachments, use 8-1/2 X 11 inch sheets and put at the top of each sheet the name of the first Debtor, formatted exactly as it appears in item 1 of this form; you are encouraged to use Addendum (*Form UCC1Ad*).

   A. To assist filing offices that might wish to communicate with filer, filer may provide information in item A. This item is optional.

   B. Complete item B to have an acknowledgment sent to you.

1. Debtor name: Enter only one Debtor name in item 1, an organization's name (1a) or an individual's name (1b). Enter debtor's exact full legal name. Don't abbreviate.

1a. Organization Debtor. "Organization" means any entity having a legal identity separate from its owner. A partnership is an organization; a sole proprietorship is not an organization, even if it does business under a trade name. If Debtor is a partnership, enter exact full legal name of partnership; you need not enter names of partners as additional Debtors. If Debtor is registered organization (*e.g., corporation, limited partnership, limited liability company*), it is advisable to examine Debtor's current filed charter documents to determine Debtor's correct name, organization type, and jurisdiction of organization.

1b. Individual Debtor. "Individual" means a natural person; this includes a sole proprietorship, whether or not operating under a trade name. Don't use prefixes (*Mr., Mrs., Ms.*). Use suffix box only for titles of lineage (*Jr., Sr., III*) and not for other suffixes or titles (*e.g., M.D.*). Use married woman's personal name (*Mary Smith, not Mrs. John Smith*). Enter individual's Debtor's family name (*surname*) in Last Name box, first given name in First Name box, and all additional given names in Middle Name box.

   For both organization and individual Debtors: Don't use Debtor's trade name, DBA, AKA, FKA, Division name, etc. In place of or combined with Debtor's legal name; you may add such other names as additional Debtors if you wish (*but this is neither required nor recommended*).

1c. An address is always required for the Debtor named in 1a or 1b.

1d,f,g. Additional information re organization Debtor" is always required. Type of organization and jurisdiction of organization as well as Debtor's exact legal name can be determined from Debtor's current filed charter document. Organization ID #, if any, is assigned by the agency where the charter document was filed; this is different from tax ID #; this should be entered preceded by the 2-character U.S. postal identification of state of organization if one of the United States (*e.g., CA12345, for a California corporation whose organizational ID # is 12345*): if agency does not assign organizational ID #, check box in item 1g indicating "none".

*Note:* If Debtor is a trust or a trustee acting with respect to property held in trust, enter Debtor's name in item 1 and attach Addendum (*Form UCC1Ad*) and check appropriate box in item 17. If Debtor is a decedent's estate, enter name of deceased in individual in item 1b and attach Addendum (*Form UCC1Ad*) and check appropriate box in item 17. If Debtor is a transmitting utility or this Financing Statement is filed in connection with a Manufacture-Home Transaction or a Public-Finance Transaction as defined in applicable Commercial Code, attach Addendum (*Form UCC1Ad*) and check appropriate box in item 18.

2. If an additional Debtor is included, complete item 2, determined and formatted per Instruction 1. To include further additional Debtors, or one or more additional Secured Parties, attach either Addendum (*Form UCC1Ad*) or other additional page(s), using correct name format. Follow Instruction 1 for determining and formatting additional names.

3. Enter information for Secured Party or Total Assignee, determined and formatted per Instruction 1. If there is more than one Secured Party, see Instruction 2. If there has been a total assignment of the Secured Party's interest prior to filing this form, you may either (1) enter Assignor S/P's name and address in item 3 and file an Amendment (*Form UCC3*) (*see item 5 of that form*); or (2) enter Total Assignee's name and addressing item 3 and, if you wish, also attaching Addendum (*Form UCC1Ad*) giving Assignor S/P's name and address in item 12.

4. Use item 4 to indicate the collateral covered by this Financing Statement. If space in item 4 is insufficient, put the entire collateral description or continuation of the collateral description on either Addendum (*Form UCC1Ad*) or other attached additional page(s).

5. If filer desires (*at filer's option*) to use titles of lessee and lessor, or consignee and consignor, or seller and buyer (*in the case of accounts or chattel paper*), or bailee and bailor instead of Debtor and "Secured Party, check the appropriate box in item 5. If this is an agricultural lien (*as defined in applicable Commercial Code*) filing or is otherwise not a UCC security interest filing (*e.g., a tax lien, judgement lien, etc.*), check the appropriate box in item 5, complete items 1-7 as applicable and attach any other items required under other law.

6. If this Financing Statement is filed as a fixture filing or if the collateral consists of timber to be cut or as-extracted collateral, complete items 1-5, check the box in item 6, and complete the required information (*items 13, 14 and / or 15*) on Addendum (*Form UCC1Ad*).

7. This item is optional. Check appropriate box in item 7 to request Search Report(s) on all or some of the Debtors named in this Financing Statement. The Report will list all Financing Statements on file against the designated Debtor on the date of the Report, including the Financing Statement. There is an additional fee for each Report. If you have checked a box in item 7, file Search Report Copy together with Filing Officer Copy (*and Acknowledgment Copy*). Note: Not all states do searches and not all states will honor a search request made via this form; some states require a separate request form.

8. This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 8 any identifying information (*e.g., Secured Party's loan number, law firm file number, Debtor's name or other identification, state in which form is being filed, etc.*) that filer may find useful.

**EXHIBIT A**

**A&C Owned Equipment**

| YEAR | MAKE/MODEL | VIN NUMBER |
|------|------------|------------|
| 1998 | Ford Explorer | 1FMZU35P7WZCO8881 |
| 1996 | Chev Pickup 1500 | 1GCEK19R9TE202964 |
| 1995 | Great Dane Van Trailer | 1GRAA9625SBO45401 |
| 1979 | Kari Kool Derkane 370(non-vac) | CTK7735 |
| 1988 | Brenner Tanker | 10BGS6212JFOO8827 |
| 1988 | Brenner Tanker | 10BGU6219JFOA1105 |
| 1995 | Bar Bel Tanker | 4BUCEC1B4SB955581 |
| 1995 | Nova Tanker | 1N9S2422XSAO44061 |
| 1987 | Kenworth Tractor | 1XKDD29X6HJ349773 |
| 1974 | Great Dane Van Trailer | 775TD564522 |

## EXHIBIT "A" TO RECEIPT

| YEAR/MAKE | TITLE NO. |
|---|---|
| 1. 98 Ford Explorer | T8266407002 |
| 2. 95 Great Dane Van | K8337305 |
| 3. 79 Kart Cool Tanker | T8365491025 |
| 4. 88 Brenner Semi Trailer | K8339611 |
| 5. 88 Brenner Trailer | N7781381 |
| 6. 95 Williams Trailer | T6107419034 |
| 7. 95 Nova Trailer | T7317562042 |
| 8. 74 Great Dane Semi Trailer | T7119057001 |
| 9. 96 Chevrolet Carryall | T2297800013 |
| 10. 87 Kenworth Tracker TK | T1173091009 |

Instructions for National UCC Financing Statement (Form UCC1)

**Fees Worksheet**

| | | |
|---|---|---|
| 1. First two pages are $4.00 | $ | 4.00 |
| 2. Enter $4.00 if there are more than 2 pages, otherwise enter $0.00 | $ _____ | .00 |
| Total (Pay this amount): | $ _____ | .00 |

NOTE: A statement filed in connection with a public finance transaction or mobile home transaction is $8.00 plus the amount above.

---

Please type or laser-print this form. Be sure it is completely legible. Read all instructions, especially Instruction number 1; correct Debtor name is crucial. Follow instructions completely.
Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. Filing office cannot give legal advice.
Do not insert anything in the open space in the upper portion of this form; it is reserved for filing office use.
When properly completed, send Filing Office Copy, with required fee, to filing office. If you want an acknowledgment, complete item B and, if filing in a filing office that returns an acknowledgment copy furnished by filer, you may also send Acknowledgment Copy; otherwise detach. Always detach Debtor and Secured Party Copies.
If you need to use attachments, use 8-1/2 X 11 inch sheets and put at the top of each sheet the name of the first Debtor, formatted exactly as it appears in item 1 of this form; you are encouraged to use Addendum (Form UCC1Ad).
    A. To assist filing offices that might wish to communicate with filer, filer may provide information in item A. This item is optional.
    B. Complete item B to have an acknowledgment sent to you.

1.   Debtor name: Enter only one Debtor name in item 1, an organization's name (1a) or an individual's name (1b). Enter debtor's exact full legal name. Don't abbreviate.

1a.   Organization Debtor. "Organization" means any entity having a legal identity separate from its owner. A partnership is an organization; a sole proprietorship is not an organization, even if it does business under a trade name. If Debtor is a partnership, enter exact full legal name of partnership; you need not enter names of partners as additional Debtors. If Debtor is registered organization (e.g., corporation, limited partnership, limited liability company), it is advisable to examine Debtor's current filed charter documents to determine Debtor's correct name, organization type, and jurisdiction of organization.

1b.   Individual Debtor. "Individual" means a natural person; this includes a sole proprietorship, whether or not operating under a trade name. Don't use prefixes (Mr., Mrs., Ms.). Use suffix box only for titles of lineage (Jr., Sr., III) and not for other suffixes or titles (e.g., M.D.). Use married woman's personal name (Mary Smith, not Mrs. John Smith). Enter individual Debtor's family name (surname) in Last Name box, first given name in First Name box, and all additional given names in Middle Name box.
For both organization and individual Debtors: Don't use Debtor's trade name, DBA, AKA, FKA, Division name, etc. in place of or combined with Debtor's legal name; you may add such other names as additional Debtors if you wish (but this is neither required nor recommended).

1c.   An address is always required for the Debtor named in 1a or 1b.

1e,f,g.   Additional information re organization Debtor" is always required. Type of organization and jurisdiction of organization as well as Debtor's exact legal name can be determined from Debtor's current filed charter document. Organization ID #, if any, is assigned by the agency where the charter document was filed; this is different from tax ID #; this should be entered proceeded by the 2-character U.S. postal identification of state of organization if one of the United States (e.g., CA12345, for a California corporation whose organizational ID # is 12345); if agency does not assign organizational ID #, check box in item 1g indicating "none".

Note: If Debtor is a trust or a trustee acting with respect to property held in trust, enter Debtor's name in item 1 and attach Addendum (Form UCC1Ad) and check appropriate box in item 17. If Debtor is a decedent's estate, enter name of deceased in individual in item 1 and attach Addendum (Form UCC1Ad) and check appropriate box in item 17. If Debtor is a transmitting utility or this Financing Statement is filed in connection with a Manufacture-Home Transaction or a Public-Finance Transaction as defined in applicable Commercial Code, attach Addendum (Form UCC1Ad) and check appropriate box in item 18.

2.   If an additional Debtor is included, complete item 2, determined and formatted per Instruction 1. To include further additional Debtors, or one or more additional Secured Parties, attach either Addendum (Form UCC1Ad) or other additional page(s), using correct name format. Follow Instruction 1 for determining and formatting additional names.

3.   Enter information for Secured Party or Total Assignee, determined and formatted per Instruction 1. If there is more than one Secured Party, see Instruction 2. If there has been a total assignment of the Secured Party's interest prior to filing this form, you may either (1) enter Assignor S/P's name and address in item 3 and file an Amendment (Form UCC3) (see Item 5 of that form); or (2) enter Total Assignee's name and addressing item 3 and, if you wish, also attaching Addendum (Form UCC1Ad) giving Assignor S/P's name and address in item 12.

4.   Use item 4 to indicate the collateral covered by this Financing Statement. If space in item 4 is insufficient, put the entire collateral description or continuation of the collateral description on either Addendum (Form UCC1Ad) or other additional page(s).

5.   If filer desires (at filer's option) to use titles of lessee and lessor, or consignee and consignor, or seller and buyer (in the case of accounts or chattel paper), or bailee and bailor instead of Debtor and "Secured Party, check the appropriate box in item 5. If this is an agricultural lien (as defined in applicable Commercial Code) filing or is otherwise not a UCC security interest filing (e.g., a tax lien, judgement lien, etc.), check the appropriate box in item 5, complete items 1-7 as applicable and attach any other items required under other law.

6.   If this Financing Statement is filed as a fixture filing or if the collateral consists of timber to be cut or as-extracted collateral, complete items 1-5, check the box in item 6, and complete the required information (items 13, 14 and / or 15) on Addendum (Form UCC1Ad).

7.   This item is optional. Check appropriate box in item 7 to request Search Report(s) on all or some of the Debtors named in this Financing Statement. The Report will list all Financing Statements on file against the designated Debtor on the date of the Report, including the Financing Statement. There is an additional fee for each Report. If you have checked a box in item 7, file Search Report Copy together with Filing Officer Copy (and Acknowledgment Copy). Note: Not all states do searches and not all states will honor a search request made via this form; some states require a separate request form.

8.   This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 8 any identifying information (e.g., Secured Party's loan number, law firm file number, Debtor's name or other identification, state in which form is being filed, etc.) that filer may find useful.