

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT OF COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, vs. A & C ENVIRONMENTAL, INC., Defendant. | No. 99 C 8300<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

On January 22, 2004, this Court entered judgment in the amount of $155,802.21 in favor of the plaintiffs (collectively referred to as "plaintiffs" or the "Funds") and against defendant, A & C Environmental, Inc. Now pending before the Court is plaintiffs' motion in aid of execution of that judgment (doc. # 90), in which plaintiffs seek entry of a judgment holding Carl Grad, the president of A & C Environmental, personally responsible for $134,889.71 of the total judgment against A & C Environmental. In an earlier opinion, this Court held that pending Chapter 7 Bankruptcy Petition does not bar the Court from adjudicating the motion (doc. # 97: Mem. Op. and Order, 02/25/05). Plaintiffs' motion is now fully briefed, and for the reasons stated below, we GRANT the motion in aid of enforcement in part. We will enter judgment in favor of plaintiffs and against Mr. Grad, but in the lesser amount of $134,889.71.

**I.**

We begin with the relevant background facts, which are not in dispute. On February 5, 2004, two weeks after the entry of judgment, plaintiffs issued a citation to discover defendant's assets, which is a post-judgment procedure authorized by 735 ILCS 5/2-1402 (Pls.' Motion, Ex. B). The citation was served on Carl Grad on February 10, 2004 (*Id.*). The citation contained the following admonition:

> THE COURT HAS ISSUED A CITATION AGAINST YOU. YOU ARE PROHIBITED from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the judgment debtor, A & C Environmental, Inc., which it may be entitled or which may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him until the further order of court or termination of the proceedings, you are not required to withhold the payment of any money beyond double the amount of the judgment.

(*Id.*). Notwithstanding this order, between February 11 and March 3, 2004, A & C Environmental used $134,889.71 in non-exempt corporate funds to pay ordinary business expenses (Pls.' Motion, Exs. C-D).[1]

In the meantime, on January 20, 2004, shortly before the entry of judgment, A & C Environmental signed a secured promissory note with RLH Equipment Co., Inc. (Resp. to Pls.' Motion, Ex. A). That promissory note purported to give RLH a continuing security interest in all of A & C Environmental's accounts and receivables, certain identified vehicles and trailers, all contracts and contract rights, and all proceeds. While this promissory note was signed before the entry of judgment here (and before the issuance and service of the citation), RLH did not file its UCC

---

[1] Our earlier opinion contained a typographical error listing the amount as $132,889.71.

financing statement regarding the note until March 1, 2004 (*Id.*) – which was after the issuance and service of the citation.

On March 4, 2004, A & C Environmental filed a Chapter 11 Bankruptcy Petition. *In Re A & C Environmental, Inc.*, No. 04-B-08455 (N.D. Ill. Bkr.). Thereafter, on March 11, 2004, the bankruptcy court entered an interim order allowing A & C Environmental to use cash collateral for the period March 11 through April 12, 2004 to pay necessary and ordinary expenses, in order to protect RLH's interests (No. 04-B-08455: doc. # 8). That order provided that RLH's lien on A & C Environmental's collateral would be subordinate "only to enforceable and perfected liens and security interests in existence at the time this case was commenced with a priority senior to the priority of the security interest in favor of RLH" (*Id.*, ¶ 9(a)(iii)).

On April 30, 2004, A & C Environmental filed a claim in the bankruptcy court seeking to determine the extent and validity of the Funds' liens (No. 04-B-08455: doc. # 36). In that complaint, A & C Environmental argued that the lien created in favor of the Funds by service of the citation was a "preferential transfer" that may be avoided pursuant to 11 U.S.C. § 547(b). However, that complaint was never adjudicated, and on October 20, 2004, the Chapter 11 Bankruptcy Petition was dismissed (*Id.*: doc. # 55).

## II.

A straightforward application of Illinois law concerning citations to discover assets indicates that Mr. Grad should be held responsible for the $134,889.71 in funds he allowed to be used for A & C Environmental's business purposes between February 11 and March 1, 2004. We start with the undisputed fact that plaintiffs served the citation on A & C Environmental by its president, Mr. Grad, on February 10, 2004. "Under 735 ILCS 5/2-1402(m), the proper service of a citation to discover

assets creates a lien on 'all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.'" *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997). The lien created by Section 5/2-1402(m) "is considered perfected as of the date of service of the citation." *Id.* Thus, plaintiffs' lien here was perfected as of February 10, 2004.

The citation specifically was identified as a court order, which prohibited A & C Environmental "from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the judgment debtor, A & C Environmental, Inc." Under Illinois law, corporate officers "are obligated to obey judicial orders directed at their corporations," and are liable when they permit the corporation to make non-exempt payments in violation of the citation. *City of Chicago v. Air Auto Leasing Co.*, 697 N.E.2d 788, 791-92 (Ill. App. 1998); *see also Divane v. Sunstrand Elec. Co.*, No. 03 C 5728, 2004 WL 1323287, *2 (N.D. Ill. June 14, 2004); *Laborers' Pension Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, *2 (N.D. Ill. June 5, 2003) (Report and Recommendation adopted by district judge (No. 02 C 3321: doc. # 40)). Here, there is no dispute that notwithstanding the prohibition clearly set forth in the citation, A & C Environmental continued to use funds for non-exempt purposes: to pay ongoing business expenses. *Air Auto Leasing*, 697 N.E.2d at 791 ("There is no statutory exception for transfers made 'in the ordinary course of business, . . .'"). Thus, under the governing authority, Mr. Grad is responsible for the amount A & C spent for ordinary business purposes, in violation of the citation.

Mr. Grad offers three arguments to avoid that result. We do not find that any of these arguments has merit.

*First*, Mr. Grad argues that the violation of the citation was only "technical," since on March 11, 2004 the bankruptcy court entered an order allowing A & C Environmental to use funds to pay ordinary expenses (Resp. to Pls.' Motion, ¶¶ 3-4). However, we do not view the disregard of a court order as a mere "technical" violation. Moreover, we also fail to see how the March 11, 2004 bankruptcy order, which authorized *future* expenditures, serves to validate *prior, pre-bankruptcy* transfers in clear violation of the citation.

*Second*, Mr. Grad argues that the citation did not create a security interest senior to that of RLH, because the lien created by the citation was effective as of February 10, 2004, which was after the date of the promissory note between A & C Environmental and RLH (Resp. to Pls.' Motion, ¶¶ 3, 6). But, while the promissory note is dated January 20, 2004, the UCC financing statement was not filed until March 1, 2004. Under Illinois law, it is the filing of the financing statement that perfects a UCC security interest, subject to exceptions that we do not find applicable here. 810 ILCS § 5/9-310(a). Therefore, the effective date of RLH's lien is March 1, 2004, which makes RLH's lien junior to the plaintiffs' lien created on February 10, 2004 by service of the citation.

*Third*, Mr. Grad argues that the lien created by the citation is unenforceable under 11 U.S.C. § 547, because it constitutes a preferential transfer (Resp. to Pls.' Motion, at ¶¶ 6-8). However, that argument is not available to Mr. Grad in this Court. Under Section 547(b), it is the trustee (or the debtor in possession) who must assert a claim of preference. *See Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860, 861 (10th Cir. 1985) (because only the trustee or debtor in possession may exercise the rights under Section 547, "[i]t follows, only the bankruptcy court can entertain the

5

action"). While A & C Environmental asserted in the Chapter 11 proceeding that the plaintiffs' lien rights pursuant to the citation were an invalid preference, A & C Environmental never obtained a ruling on that assertion prior to the dismissal of the proceeding. Nor was the validity of plaintiffs' lien determined by the agreed interim order allowing A & C Environmental to use cash collateral. We see no basis to adjudicate now a contention that is committed to the bankruptcy court, and that was not adjudicated by the bankruptcy court that presided over the Chapter 11 proceeding.

Having rejected Mr. Grad's arguments opposing the entry of a judgment, we consider the amount of the judgment to be entered. Plaintiffs seek a judgment reflecting the amount of A & C Environmental's non-exempt transfers from February 11 through March 3, 2004 (Pls.' Motion, at 4). Plaintiffs seek to establish the amounts of those transfers by showing checks issued by A & C Environmental for non-exempt business purposes (*Id.*, Ex. C). We agree that the sum of the checks identified by plaintiffs is $134,889.71. However, we note that only $102,334.61 of that amount is attributable to checks dated from February 11 through March 3, 2004. The balance – $32,555.10 – is attributable to checks dated earlier than February 11, 2004, but which cleared payment after that date.

Mr. Grad has not argued that the checks dated before February 11, 2004, but cashed thereafter, should be excluded from any judgment – and, he therefore has waived any such argument. In any event, we see no basis to exclude those checks. Service of the citation barred A & C Environmental from "making or *allowing* any transfer" of non-exempt property (Pls.' Motion, Ex. B, at 3) (emphasis added). The general rule is that the receipt of a check does not "give the recipient a right against the bank. The recipient may present the check, but, if the drawee bank refuses to honor it, the recipient has no recourse against the drawee." *Barnhill v. Johnson*, 503 U.S. 393, 398

6

(1992). Thus, when A & C Environmental received the citation, it had the ability to stop payment on any checks not yet cashed. By failing to do so, A & C Environmental violated the terms of the citation by allowing the funds represented by the checks to be transferred to the payees.

We recognize that this rule imposes a significant burden (and risk) on the citation recipient. The citation recipient must quickly review all recently issued checks to determine whether they have been cashed. The failure to stop payment on uncashed checks for non-exempt expenditures can expose corporate officers of the citation recipient to personal liability for those expenditures. On the other hand, issuing stop orders on the checks not yet cashed can expose the citation recipient to liability to the payees. *See Barnhill*, 503 U.S. at 398-99. However, we have found no statutory or case law authority to relieve the citation recipient of this burden. Accordingly, we will enter judgment against Mr. Grad for the full amount sought.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion in aid of execution (doc. # 90) is GRANTED. The Court grants plaintiffs judgment against Carl Grad, personally, in the amount of $134,889.71, for the transfers made by A & C Environmental in violation of the citation between February 11 and March 3, 2004.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: April 19, 2005**